

U.S. Department of Justice

Channing D. Phillips
Acting United States Attorney

*District of Columbia*

---

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C. 20530*

May 25, 2021

Martin A. Dietz, Esquire
Attorney for Jennifer Heinl
Email: mdietzesquire@gmail.com

      Re:    *United States v. Jennifer Heinl*
              Case No. 1:21-CR-370

Dear Counsel:

     In accordance with Rule 16 of the Federal Rules of Criminal Procedure, the Court's Order ECF No. 14, and as otherwise required by law (*e.g.*, *Brady v. Maryland*, 373 U.S. 63 (1963), *United States v. Giglio*, 405 U.S. 150 (1972)), on May 19, 2021 and on May 25, 2021, the government has produced 7 items of preliminary discovery through USAfx, containing the following materials:

- (1) FBI Report of Jennifer Heinl's Interview
- (2) NCIC Report of Jennifer Heinl
- (3) Employment Report of Jennifer Heinl
- (4) FBI Report of Facebook Preservation Request
- (5) TTK Face Match Report for Jennifer Heinl
- (6) FBI Report of Face Match
- (7) One video file with extended footage of the area near the Capitol Crypt on Jan. 6, 2021

     The government will continue to supplement discovery in this case. Due to the extraordinary nature of the January 6, 2021 Capitol Attack, the government anticipates that a large volume of materials may contain information relevant to this prosecution. These materials may include, but are not limited to, surveillance video, statements of similarly situated defendants, forensic searches of electronic devices and social media accounts of similarly situated defendants, and citizen tips. The government is working to develop a system that will facilitate access to these materials. In the meantime, please let me know if there are any categories of information that you believe are particularly relevant to your client.

     Please contact me if you have any issues accessing the information, and to confer regarding pretrial discovery as provided in Fed. R. Crim. P. 16.1.

This material is subject to the terms of the Protective Order issued in this case.

I recognize the government's discovery obligations under *Brady v. Maryland*, 373 U.S. 83 (1963), its progeny, and Rule 16. I will provide timely disclosure if any such material comes to light. Consistent with *Giglio*, *Ruiz*, and 18 U.S.C. § 3500, I will provide information about government witnesses prior to trial and in compliance with the court's trial management order.

I request reciprocal discovery to the fullest extent provided by Rule 16 of the Federal Rules of Criminal Procedure, including results or reports of any physical or mental examinations, or scientific tests or experiments, and any expert witness summaries. I also request that defendant disclose prior statements of any witnesses defendant intends to call to testify at any hearing or trial. *See* Fed. R. Crim. P. 26.2; *United States v. Nobles*, 422 U.S. 255 (1975). I request that such material be provided on the same basis upon which the government will provide defendant with materials relating to government witnesses.

Additionally, pursuant to Federal Rules of Criminal Procedure 12.1, 12.2, and 12.3, I request that defendant provide the government with the appropriate written notice if defendant plans to use one of the defenses referenced in those rules. Please provide any notice within the time period required by the Rules or allowed by the Court for the filing of any pretrial motions.

I will forward additional discovery as it becomes available. If you have any questions, please feel free to contact me.

Sincerely,

*s/Frances E. Blake*_____
Frances E. Blake
Assistant United States Attorney